
RECEIVED
IN MONROE, LA
FEB 0 9 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| AVO VOLLI | CIVIL ACTION NO. 05-1547 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ALBERTO GONZALES, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court are a Petition for Writ of Habeas Corpus [Doc. No. 1], as amended [Doc. No. 3], and a Motion to Stay [Doc. No. 5] filed by Petitioner Avo Volli ("Volli"). Volli seeks review of his final order of removal, a stay of his removal, and release from detention by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("BICE").

On December 12, 2005, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 8] in which she recommended that the habeas petition and Motion to Stay be denied as moot because Volli has been deported to his native country of Estonia.

If Volli had sought only to contest his continued detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), then his Petition would have become moot because of his removal. However, Volli did not contest his continued detention. Although Volli points out that he has been detained since April 8, 2003, he clearly states that he filed his Petition for Writ of Habeas Corpus to seek this Court's "review of a decision of the Board of Immigration Appeals ("BIA")." [Doc.

1

No. 1, ¶ 10]; *see also* [Doc. No. 3, p. 4] (also indicating that Petitioner seeks review of the BIA's denial of the appeal of his removal order).

In case law prior to the May 11, 2005 enactment of the Real ID Act, Pub. L. 109-13, 119 Stat. 231 (2005), the Fifth Circuit held that the removal of an alien pending the review of his removal order does not deprive the court of jurisdiction over his *habeas corpus* petition. *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004); *see also Max-George v. Reno*, 205 F.3d 194, 196 (5th Cir. 2000), *rev'd on other grounds*, 121 S.Ct. 2585 (2001); *Lopez-Chavez v. Ashcroft*, 383 F.3d 650, 651-54 (7th Cir. 2004); *Rife v. Ashcroft*, 374 F.3d 606, 615 (8th Cir. 2004). As the Fifth Circuit explained in *Zalawadia*, "bar on readmission of a removed alien is a legally cognizable collateral consequence that preserves a live controversy even after deportation of the petitioner." 371 F.3d at 297. After the enactment of the Real ID Act, circuit courts no longer review a final order of removal as a *habeas corpus* petition under 28 U.S.C. § 2241, but continue to have jurisdiction over "review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals."[1] *Reyes-Gomez v. Gonzales*, No. 03-30981, 2006 WL 83367 at * 1 (5th Cir. January 13, 2006); *see also* 8 U.S.C. § 1252(b)(2)(D) (2005).

---

[1] Under § 2241, a petitioner was required to be "in custody" at the time his *habeas corpus* petition was filed. However, it does not appear that Volli would need to be "in custody" to seek review in the appropriate circuit court under the Real ID Act. *See DiPeppe v. Ridge*, 140 Fed Appx. 377, 380 n.9, 2005 WL 1719343 at *2 n.9 (3rd Cir. July 25, 2005) ("[B]ecause this appeal is now being treated as a petition for review, we do not need to address DiPeppe's argument that she satisfies the "in custody" requirement of 28 U.S.C. § 2241, for that inquiry is no longer relevant to our exercise of jurisdiction.").

On the other hand, pursuant to Section 106 of the Real ID Act, 8 U.S.C. § 1252(a)(5), district courts do not have jurisdiction to review orders of removal. *See Rosales v. Bureau of Immigration and Customs Enforcement*, --- F.3d ----, No. 04-10630, 2005 WL 1952867 at *2 (5th Cir. Aug. 16, 2005) (The Real ID Act "divested the district courts of jurisdiction of § 2241 petitions attacking removal orders.").

Accordingly, while Volli's removal to Estonia does not bar review of his final order of removal by the appropriate circuit court,[2] this Court lacks jurisdiction to consider his claim. The Court hereby DECLINES TO ADOPT IN PART the Magistrate Judge's Report and Recommendation [Doc. No. 8]. Volli's Motion for Stay is DENIED for lack of jurisdiction and as moot, and his habeas petition is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

MONROE, LOUISIANA, this 9 day of February, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[2] Petitions for review must be "filed in the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). This Court expresses no opinion whether such a filing would be timely, but notes only that it is potentially available in this case.